UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON MAGEE** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| **DIAMOND OFFSHORE, LLC** | **JUDGE** |
| | **MAGISTRATE** |
| | **JURY TRIAL REQUESTED** |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **JASON MAGEE**, who respectfully files the following Complaint for Damages and appropriate ancillary relief:

### I. PARTIES

1. Plaintiff, **JASON MAGEE** (hereinafter "Plaintiff"), brings this Civil Action under the Jones Act, 46 U.S.C. § 30104, *et seq.*, with pendent and/or ancillary claims under the General Maritime Law and/or Louisiana Civil Code Articles 2315, 2317, and/or 2317.1. At all times relevant herein, Plaintiff has been and is a person of majority age, a citizen of the United States, and domiciled in the city of Amite, Parish of Tangipahoa, State of Louisiana.

2. Defendant, **DIAMOND OFFSHORE, LLC** (hereinafter "Diamond"), is a limited liability company, authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Houston, Texas at the following address: 15415 Katy Freeway, Ste. 100, Houston, TX 77094. At all times pertinent hereto, **DIAMOND** is the owner/operator of the offshore drill ship the OCEAN BLACKHORNET on which Plaintiff was working as an Electrician I.

3. **DIAMOND OFFSHORE, LLC** engages in the for-profit business of providing

offshore drilling services throughout the Gulf of Mexico and around the globe.

4. **DIAMOND OFFSHORE, LLC** is truly and justly indebted to Plaintiff herein for any and all damages sustained as a result of a series of events that occurred both along and within the territorial waters of the United States of America, State of Louisiana, on or about July 16, 2020, which ultimately led to the catastrophic and life-changing injuries suffered **by JASON MAGEE**.

## II.   JURISDICTION AND VENUE

5. Jurisdiction exists in this Honorable Court pursuant to the Jones Act, 46 U.S.C. § 30104, General Maritime Law, and/or 28 U.S.C. Section 1331, and/or Plaintiff is entitled to relief under Louisiana law, namely La. Civ. Code arts. 2315, 2317, and/or 2317.1 pursuant to the "Savings to Suitors Clause," 28 U.S.C. Section 1333.

6. Venue is proper because the acts and omissions made the basis of this Complaint occurred within the territory of the United States District Court for the Eastern District of Louisiana.

7. At all times relevant herein, Plaintiff was an employee of Defendant **DIAMOND OFFSHORE, LLC**, and was a seaman and member of the crew of the vessel or fleet of vessels owned by Defendant.

## III.   FACTS AND ALLEGATIONS

8. **JASON MAGEE** is a 41-year-old Electrician who was employed by **DIAMOND OFFSHORE, LLC** as an Electrician I. He was hired by **DIAMOND** in May of 2012 and had been assigned to the drillship OCEAN BLACKHORNET since it was built in 2014.

9. On or about July 16, 2020, Plaintiff was instructed by his supervisor to assist in manually moving heavy variable-frequency drives ("VFDs") out of crates on the main deck, through passageways, and onto storage racks in the VFD room. Plaintiff woke up the next morning

in excruciating pain in his shoulder, arm, and neck. Plaintiff went to the medic and reported his injuries caused by lifting VFDs the day before. Thereafter, Plaintiff was flown inshore for further treatment.

10. As a result of the incident, Plaintiff has suffered and continues to suffer severe and debilitating injuries to his mind and body, including, but not limited to, his shoulder, neck, arm, and hands. Plaintiff has undergone multiple surgeries to date and anticipates further extensive treatment to come – all as a result of the incident.

11. Defendants failed to have proper gear, tools, and/or appurtenances to lift and maneuver the heavy VFDs. Proper gear, tools, and/or appurtenances would have prevented Plaintiff from having to lift and reposition heavy VFDs manually, thus preventing his injuries.

12. At all times relevant hereto, Plaintiff was engaged in maritime activity, performing work on a vessel, as an Electrician I.

13. Defendants failed to provide Plaintiff safe and sufficient gear and/or proper appurtenances with which to perform his duties; failed to supply an adequate crew and/or adequately trained crew; required Plaintiff to perform his duties under unsafe conditions; failed to provide a safe means of ingress/egress; and committed other acts of negligence which will be shown at the trial of this matter.

14. Plaintiff requests that the Defendants preserve all evidence regarding the claims herein, including, but not limited to, photographs, video, logs, records, incident reports, and/or other related documents, and that the Defendants immediately allow entry onto the premises of the aboard the drillship OCEAN BLACKHORNET and all appurtenances and equipment used thereon.

### IV.  CAUSES OF ACTION

### First Count – Jones Act Negligence

15. Plaintiff brings this action against Defendant **DIAMOND** under the provisions of the statutes of the United States, more particularly, the Jones Act, 46 U.S.C. § 30104, *et seq.*

16. Under the Jones Act, **DIAMOND** owed Plaintiff a safe place to work, which duty was violated through the negligence of Defendants, their officers, agents, and/or employees, and this violation had a causative relationship to Plaintiff's injuries.

17. Plaintiff further contends that Defendant **DIAMOND** failed to provide Plaintiff with a safe place to work, failed to provide safe and sufficient gear, tools, and/or appurtenances, including, but not limited to, sufficient equipment to lift and move equipment on the drillship, failed to provide proper safety equipment and adequate training, and/or failed to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, all of which proximately caused the injuries sustained by Plaintiff.

### Second Count – General Maritime Law Negligence and Unseaworthiness

18. Additionally and/or alternatively, Plaintiff alleges that the Defendant **DIAMOND** is liable to Plaintiff under the General Maritime Law for negligence, and/or for a breach of the warranty of seaworthiness, extending to the vessel or vessels involved herein, including its crew, gear, tools, and/or appurtenances.

19. Plaintiff contends that at all times relevant hereto, Defendant **DIAMOND** owned and/or operated and/or owned *pro hac vice*, the vessel upon which Plaintiff was injured – the OCEAN BLACKHORNET.

20. Plaintiff further contends that the vessel or fleet of vessels involved herein as set out hereinabove were unseaworthy including, but not limited to, Defendant **DIAMOND's** failure to provide Plaintiff a safe method for moving heavy equipment and/or safe and adequate

accommodations for the work being performed on the OCEAN BLACKHORNET.

21. Plaintiff further contends that Defendant **DIAMOND** failed to provide Plaintiff with a safe place to work, failed to provide safe and sufficient gear, tools, and/or appurtenances, including, but not limited to, sufficient equipment to lift and move equipment on the drillship, failed to provide proper safety equipment and adequate training, and/or failed to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, all of which proximately caused the injuries sustained by Plaintiff.

### Third Count – Louisiana State Law Negligence

22. Plaintiff additionally and/or alternatively alleges that Defendant **DIAMOND** is liable for negligence under Louisiana Civil Code Articles 2315, 2317, and/or 2317.1, which negligence caused Plaintiff's injuries, and all other laws, statutes, industry customs and regulations applicable to this case.

23. Defendant **DIAMOND** had a duty to provide Plaintiff with the following non-exclusive particulars regarding Plaintiff's work on the OCEAN BLACKHORNET:

   a) a safe place to work;

   b) safe and sufficient gear, tools, and/or appurtenances with which to perform his duties;

   c) proper safety equipment;

   d) a sufficient and or competent crew to supervise Plaintiff's activities; and,

   e) appropriate training.

24. Defendant **DIAMOND** breached its duty to Plaintiff by requiring him to perform his duties without providing safe and sufficient gear, tools, and/or appurtenances, including, but not limited to, sufficient equipment to lift and move VFDs on the drillship, proper safety equipment, a sufficient crew, appropriate supervision and/or appropriate training, and/or by other

shortcomings which caused an unsafe place to perform Plaintiff's duties.

25. Defendant **DIAMOND's** breach of their duty to Plaintiff was a substantial factor and/or cause in fact of Plaintiff's injuries.

26. The incident and injuries to Plaintiff made the basis of this litigation are directly within the scope of protection afforded by the duties attributed to Defendant DIAMOND, which were breached.

27. As a direct result of Defendant **DIAMOND's** breach of duties owed to Plaintiff, Plaintiff has been injured in fact, sustaining damages to his mind and body.

28. Plaintiff, **JASON MAGEE**, was not negligent and did not contribute to the incident complained of herein.

## V.   DAMAGES

29. Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which Defendant **DIAMOND** is liable, as follows:

   a) Past, present, and future loss of wages, fringe benefits, and wage earning capacity;

   b) Past, present, and future medical expenses;

   c) Past, present, and future physical pain and suffering;

   d) Past, present, and future mental pain and suffering;

   e) Permanent disability;

   f) Loss of enjoyment of life;

   g) Attorneys' fees and costs; and,

   h) All other special and general damages as will be shown at the trial of this matter.

30. Plaintiff, as set out hereinabove, was injured while performing work as a seaman and member of the crew of a vessel or fleet of vessels, in the employment of **DIAMOND**, and

sustained the injuries complained of in the service of the vessel so as to be entitled to maintenance and cure, both past and future, until such time as Plaintiff has in fact reached maximum cure.

## VI.     JURY DEMAND

31.     Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## VII.     PRAYER FOR RELIEF

32.     **WHEREFORE**, Plaintiff prays for a trial by jury and for judgment herein against Defendant, **DIAMOND OFFSHORE, LLC** for damages as are reasonable in the premises and for all costs of these proceedings.

33.     Plaintiff further prays for all general and equitable relief.

Dated:  March 15, 2022                    All of which is respectfully submitted,

*/s/ Hugh P. Lambert*
HUGH P. LAMBERT, T.A. (LA Bar #7933)
J. CHRISTOPHER ZAINEY, JR. (LA Bar #32022)
JACKI L. SMITH, ESQ. (LA Bar #34769)
BRIAN J. MERSMAN, ESQ. (LA Bar #38624)
Lambert, Zainey, Smith, and Soso, APLC
701 Magazine Street
New Orleans, Louisiana 70130
T: (504) 581-1750; F: (504) 529-2931
hlambert@lambertzainey.com
czainey@lambertzainey.com
jsmith@lambertzainey.com
bmersman@lambertzainey.com

*Counsel for Plaintiff*